**James OAKLEY, Plaintiff,**

v.

**CITY OF LONGMONT, and Safeco Insurance Company of America, Defendants.**

**No. 88–B–1204.**

United States District Court, D. Colorado.

Dec. 19, 1988.

Mark E. Biddison, Stevens & Littman, Boulder, Colo., for plaintiff.

Claybourne M. Douglas, City Atty., Longmont, Colo., for City of Longmont.

Robert M. Baldwin, Long & Jaudon, P.C., Denver, Colo., for Safeco.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on cross motions for summary judgment regarding the correct interpretation of 42 U.S.C. § 300bb–1 (Subchapter XX—Requirements for Certain Group Health Plans for Certain State and Local Employees—"continuation coverage"). The narrow issue presented is whether the plaintiff, James Oakley, is entitled to continuation coverage under the City of Longmont's Health Plan (the plan). I conclude that the City of Longmont (the City) is not required to provide plaintiff with continuation coverage and is therefore entitled to summary judgment pursuant to Fed.R.Civ.P. 56.

The material facts are undisputed:

On June 12, 1987, plaintiff was seriously injured in a car accident. At that time, plaintiff was a firefighter for the City and covered under its group health plan. After plaintiff exhausted his accrued sick leave and vacation days, together with the maximum 90 days of temporary disability leave (which the City extended twice so that plaintiff could continue receiving medical benefits), plaintiff was placed on leave without pay for one year. On August 27, 1988, when it was apparent that plaintiff's disability was permanent, preventing performance of his job, the City terminated plaintiff's employment. The City maintained plaintiff's health coverage until his termination. Then, pursuant to the plan, the City afforded plaintiff the right to maintain coverage at group rates for 90 days (through November 26, 1988).

On October 7, 1988, the City sent plaintiff notice of his right to elect continuation

coverage pursuant to 42 U.S.C. § 300bb–1 and § 300bb–5. To date, plaintiff has not returned the form electing continuation coverage.

At the time of plaintiff's termination, he became, and remains, a covered dependant under his wife's group health plan. Because plaintiff has not yet elected continuation coverage, and because he is a dependent under his wife's policy, the City has not extended the plaintiff continuation coverage.

 Plaintiff contends that his status as a covered dependent under his wife's health plan does not terminate his right to continuation coverage under the City's health plan. I disagree.

42 U.S.C. § 300bb–1 states the basic requirements for state and local governmental group health plans. It provides "that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." Termination is a qualifying event that triggers operation of the statute. 42 U.S.C. § 300bb–3(2). In addition, where, as here, the covered employee has been terminated, he is a qualified beneficiary under the statute. 42 U.S.C. § 300bb–8(3)(B).

Continuation coverage generally must be provided for 18 months immediately following the qualifying event. 42 U.S.C. § 300bb–2(2). However, subparagraph 2(D), which is the subject of this litigation, provides for early termination of benefits. It states:

"(2) Period of coverage

The coverage must extend for at least the period beginning on the date of the qualifying event and ending not earlier than the earliest of the following:

(D) Group health plan coverage or medicare eligibility

The date on which the qualified beneficiary first becomes, after the date of the election—

(i) covered under *any* other group health plan (as an employee *or otherwise*), or

(ii) entitled to benefits under [Medicare.]." (emphasis added).

The legislative history of 42 U.S.C. § 300bb–1 and 2 reflects that the purpose of continuation coverage is to provide health benefits to qualified beneficiaries who otherwise would have no coverage of any sort rather than to provide overlapping, dual coverage. The Senate Finance Committee's report on the recommended continuation coverage requirements states:

"The committee was concerned that certain spouses and dependent children may be deprived of health benefits due to an unexpected change in family status. To provide an opportunity for these individuals to secure health benefits, the Committee believes it is appropriate to require that employer group health plans offer qualified beneficiaries an election to continue coverage for a limited period of time."

Pub.L. No. 99–272, 3 U.S.Code Cong. & Ad.News 42, 322, 363 (1986).

Furthermore, the Internal Revenue Service (IRS), the administrative agency charged with enforcing the statute, has stated that continuation coverage may terminate on:

"... the first date after the date of the election upon which the qualified beneficiary *is covered* (i.e., actually covered, rather than merely eligible to be covered) under *any* other group health plan that is not maintained by the employer, *even if that other coverage is less valuable to the qualified beneficiary* ... (e.g., if the other coverage provides no benefits for preexisting conditions) ..."

52 Fed.Reg. 22716, 22730 (June 15, 1987). (emphasis added).

 The contemporaneous construction of a statute by an administrative agency charged with its execution should be followed unless there are compelling indications that it is wrong. *E.I. du Pont de Nemours and Company v. Collins*, 432 U.S. 46, 55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100 (1977), *See also United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed. 2d 246 (1981). Both the available legislative history and the IRS' contemporaneous construction of the statute reflect the be-

802

neficent purpose of requiring a minimal amount of continuation coverage for a limited time to provide qualified beneficiaries an opportunity to secure other health benefits. Neither the statute nor the regulations, however, contain any indication that Congress intended to require employers to provide continuation coverage to qualified beneficiaries who are covered by more than one group health plan.

I conclude that the statute was not intended to require employers to provide overlapping continuation coverage. Assuming, *arguendo*, that plaintiff had elected continuation coverage within the election period, the City would not be required to provide him with the requested continuation coverage under the statute because plaintiff is "otherwise" covered under "any other group health plan" as his wife's dependant. And, this is so even though coverage under his wife's health plan may be less valuable than under the City's health plan. *See* 52 Fed.Reg. 22716, 22730 (June 15, 1987).

Accordingly, because, as a matter of law, the City is not required to provide him with continuation coverage, defendant is entitled to summary judgment on plaintiff's first claim for declaratory and injunctive relief under 42 U.S.C. § 300bb-1.

The sole remaining claim is a pendent state claim for continuation benefits under § 10-8-116(13)(a), C.R.S. (1987 Repl.Vol. 4A). Circumstances that would warrant exercise of pendent jurisdiction under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), are not present here. Therefore, plaintiff's second claim for relief will be dismissed without prejudice.

Therefore, it is ordered that defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. It is further ordered that plaintiff's second claim for relief be dismissed without prejudice. Each party shall bear their own costs.